UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGELA D. MCALLISTER,<br>Plaintiff,<br><br>v.<br><br>SMITH BARNEY/CITIGROUP<br>GLOBAL MARKETS INC.;<br>CITIGROUP INC.; PATRICIA<br>BALENZENTIS; ROBERT EAST;<br>KRISTEN KING; MICHELLE GREEN;<br>ANDREW SMITH; ANDREW GRILLO;<br>BRAD BARBER; DANA SPERLING;<br>CITIGROUP GLOBAL MARKETS INC.<br>Defendants. | :<br>:<br>:<br>:<br>:  CASE NO. 3:10-cv-01101-VLB<br>:<br>:<br>:<br>:  July 27, 2017<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION [DKT. 109]**

This matter is before the Court on Motion for Reconsideration filed by Plaintiff Angela D. McAllister ("Plaintiff" or "McAllister") on December 19, 2016. [Dkt. 109 (Mot. Reconsideration)]. Defendants filed their Opposition, *see* [Dkt. 110 (Opp'n Mot. Reconsideration)], to which Plaintiff did not submit a Reply, *see* D. Conn. L. R. 7(d) ("Reply memoranda are not required and the absence of a reply memorandum will not prejudice the moving party."). For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration.

I. Background

Consideration of this motion requires a review of the procedural history. Plaintiff, proceeding *pro se*, initiated this action with a complaint filed in this Court on July 14, 2010. *See* [Dkt. 1 (Mot. *in forma pauperis*); Dkt. 2 (Compl.)]. The original complaint alleged claims of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in

Employment Act of 1967 (the "ADEA") on the grounds of race, color, sex, and age arising from her termination of employment on November 10, 2008.  *See* [Dkt. 2]. Plaintiff amended the complaint nine days later on July 23, 2010, seeking in addition "compensatory and punitive" damages but otherwise leaving the complaint nearly identical.  Several months later Plaintiff filed an employment discrimination case in Connecticut Superior Court against the company Defendants in this case, which Citigroup Global Markets, Inc. ("CGMI") removed to federal court.  *See McAllister, et al. v. Smith Barney/Citigroup Global Markets, Inc., et al. ("McAllister II")*, No. 3:10-cv-1696-CFD, ECF No. 1.  On May 23, 2011, *McAllister II* was consolidated with this case.

Defendants filed a Motion to Compel Arbitration and Stay Litigation on November 10, 2010, *see* [Dkts. 15 (Mot. Compel *McAllister I*) and 26 (Mot. Compel *McAllister II*)], which the Court denied without prejudice to refiling with additional evidence about the nature of Plaintiff's employment including whether she was an at-will employee and had a legitimate expectation she could bring her claims in federal court.  *See* [Dkt. 33 (Order on Mot. Compel)].  Defendants subsequently filed a renewed Motion to Compel Arbitration and Stay Litigation on August 3, 2011.  *See* [Dkt. 35 (Renewed Mot. Compel)].  The Court denied this motion on the basis that Defendants did not provide sufficient evidence to demonstrate Plaintiff's employment was at-will.  *See* [Dkt. 46 (Order on Renewed Mot. Compel)].  Defendants filed an interlocutory appeal in accordance with the Federal Arbitration Act.  Thereafter, the Second Circuit concluded that, under Connecticut law, whether a person is an at-will employee is a conclusion of law,

2

and it remanded the case for this Court to solicit competent evidence as to whether Plaintiff had an employment contract with the Defendants and, if so, whether that contract mandated arbitration. *See McAllister v. Smith Barney/Citigroup Global Mkts. Inc.*, 504 F. App'x 55, 56 (2d Cir. 2012) (citing *Stevenson Lumber Co.-Suffield, Inc. v. Chase Assocs., Inc.*, 932 8 A.2d 401, 408-09 (Conn. 2007).

On remand and further factual development, this Court found McAllister was an at-will employee subject to the mandatory arbitration provision as specified in Defendants' employee handbook. *See* [Dkt. 105 (Mem. Decision on Mot. Compel) at 10]. This Court then granted the Defendants' Motion to Compel arbitration, *id.* at 17-18, which was affirmed by the Court of appeals two years ago on May 26, 2015, *see* [Dkt. No. 108 (2d Cir. Mandate)].

More than a year and one half after the appellate court affirmed this court's order to arbitrate the dispute, on December 19, 2016, Plaintiff filed a Motion for Reconsideration in support of which Plaintiff submitted a memorandum of law and exhibits. *See* [Dkt. 109]. Included among the exhibits are the arbitration award, documents Plaintiff filed in the Connecticut Superior Court seeking to vacate the arbitration award, and an order vacating the award without prejudice. *See* [Dkt. 109-1 (Mot. Reconsideration Exs.)]. In her motion, Plaintiff requests the Court to reverse the decision to compel arbitration because she disagrees with the manner in which the arbitration proceedings took place, and asks the Court to set aside its previous judgment and permit her to recover damages in federal court. *See* [Dkt. 109 at 2 of PDF]. Plaintiff presents no evidence that she has

exhausted the arbitration proceedings by appeal or otherwise. On the contrary, Defendants have alerted the Court that McAllister's the case involving motion to vacate the arbitration award is pending. *See McAllister v. Citigroup Global Markets, Inc.*, Docket No. FBT-CV16-5032142-S ("Superior Court Action").[1]

Plaintiff also submitted a letter from the State of Connecticut Commission on Human Rights and Opportunities ("CHRO"), dated September 9, 2010, regarding an enclosed draft summary of Reasonable Cause Finding. *See id.* at 37 of PDF. Plaintiff did not enclose the draft summary. She merely contends in her Motion for Reconsideration that "the information provided to the court was 'incomplete' wherein the plaintiff did not attach the copy of [the] CCHRO letter stating that the draft summary of REASONABLE CAUSE was final." [Dkt. 109 at 2 of PDF]. The letter does not indicate this fact, however, as it states the following:

> Transmitted herewith is a <u>draft summary</u> of Reasonable Cause Finding prepared by the investigator assigned to your complaint. I have reviewed it preliminarily and concur with it. However, prior to taking final action, I am providing you with an opportunity to comment. You have <u>fifteen calendar (15) days</u> from the date of this letter to provide me with any written comments concerning the investigator's proposed findings. During this period you may also

---

[1] The Court reviewed the publicly filed docket information. Defendants filed a Motion to Open or Set Aside Judgment and/or Reargue Decision Granting Application to Vacate Arbitration Award, which essentially challenges the Superior Court's decision to vacate the arbitration award without prejudice. Defendants explained, "Although no reason is given, it is presumed that the application was granted due to CGMI's failure to appear in this matter until December 13, 2016. As stated above, counsel was not aware of this proceeding until December 8, 2016. This was due to an accident and/or mistake at CGMI's offices in New York City by which notice of this proceeding was misplaced and never forwarded to arbitration counsel." *See* Superior Court Action, Dkt. 109.00 (Mot. Open J.) at 2, available at: http://civilinquiry.jud.ct.gov/DocumentInquiry/DocumentInquiry.aspx?DocumentNo=11549409. The Superior Court granted the Motion, and as such the case is presently pending.

>**review the materials in the case file and reference these in your comments. Unless I hear from you within this period, the investigation will be closed and the Commission shall proceed with its processing of the complaint. If you do submit written comments, they will be reviewed and considered. However, if your comments do not rebut the substance of the investigator's summary or present new evidence that requires further investigation, the investigator's draft summary will be finalized.**

**[Dkt. 109-1 at 37 of PDF (emphasis in original)]. Plaintiff does not explain how this document demonstrates the finality of the draft summary given that the express language in the letter provides Plaintiff with the opportunity to submit comments before the investigation closes. The Court is left to assume the draft summary became final at a later date because Plaintiff did not comply with the request from the letter. Irrespective, a reasonable cause finding is by definition not dispositive.**

## II. Legal Standard

**Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."** *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, **956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper,** *Federal Practice & Procedure* **§ 4478 at 790). As such, reconsideration should be granted only when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."** *Shrader v. CSX Transp., Inc.*, **70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided,"** *id.***, or where the moving party seeks "to plug gaps in an**

5

original argument or to argue in the alternative once a decision has been made," *Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). *See Virgin Atl. Airways*, 956 F.2d at 1255 (noting that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again") (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). Ultimately, however, the question is a discretionary one and the Court is not limited in its ability to reconsider its own decisions prior to final judgment. *See Virgin Atl.*, 956 F.2d at 1255.

### III. Analysis

As a preliminary matter, Plaintiff has failed to present any controlling law or relevant facts affecting this Court's decision that she was an at-will employee who was obligated by Defendants' employee handbook to arbitrate the subject employment disputes. Moreover, while Plaintiff does present "new evidence" it it does not warrant reconsideration for two reasons. First, it does not establish that she was not an at-will employee and not subject to binding arbitration. Contrary to Plaintiff's contention, the CHRO letter indicates the draft summary was not final at the time the letter was issued. Even if it were, Plaintiff does not demonstrate how that would change the Court's initial findings. Second, Plaintiff also fails to explain why she could not have submitted the evidence for the Court's review in 2015. This is not "newly discovered evidence;" it instead constitutes an attempt to relitigate or plug gaps in the original argument. The fact that the Connecticut Superior Court has vacated the arbitration award without

original argument or to argue in the alternative once a decision has been made," *Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). *See Virgin Atl. Airways*, 956 F.2d at 1255 (noting that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again") (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). Ultimately, however, the question is a discretionary one and the Court is not limited in its ability to reconsider its own decisions prior to final judgment. *See Virgin Atl.*, 956 F.2d at 1255.

### III. Analysis

As a preliminary matter, Plaintiff has failed to present any controlling law or relevant facts affecting this Court's decision that she was an at-will employee who was obligated by Defendants' employee handbook to arbitrate the subject employment disputes. Moreover, while Plaintiff does present "new evidence" it it does not warrant reconsideration for two reasons. First, it does not establish that she was not an at-will employee and not subject to binding arbitration. Contrary to Plaintiff's contention, the CHRO letter indicates the draft summary was not final at the time the letter was issued. Even if it were, Plaintiff does not demonstrate how that would change the Court's initial findings. Second, Plaintiff also fails to explain why she could not have submitted the evidence for the Court's review in 2015. This is not "newly discovered evidence;" it instead constitutes an attempt to relitigate or plug gaps in the original argument. The fact that the Connecticut Superior Court has vacated the arbitration award without

prejudice does not give any reason for the Court to determine she was not subject to mandatory arbitration.

Nor would there be manifest injustice were this Court not to vacate its order to arbitrate as Plaintiff has availed herself of the state courts to challenge the arbitration award itself.  The Court recognizes "[i]t is well established that submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, (2d Cir. 2006) (citing this rule in the context of a motion to dismiss) (internal quotation marks omitted).  Such liberal construction is founded on the policy that the court has an obligation "to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training."  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  However, even when liberally construing this Motion to Reconsider, it cannot be said that Plaintiff intends to vacate the arbitration award before this Court.  This is true for three reasons.  First, by virtue of the fact that Plaintiff filed a 12-page Motion to Vacate Arbitration Award in the Connecticut Superior Court, *see* [Dkt. 109-1 at 4 of PDF], she has indicated that she is capable of filing and understands how to file a Motion to Vacate, and therefore has elected not to do so in federal court.  Second, Judge Stodolink has already vacated the arbitration award in the Superior Court, albeit without prejudice, and accordingly there is nothing for this Court to vacate.  *See id.* at 1.  Third, the content of Plaintiff's Motion for Reconsideration makes clear that, in light of the fact that the arbitration award has been vacated without prejudice, she seeks this Court's

7

reversal of the decision to compel arbitration so she can litigate her employment discrimination claims before this Court.  *See* [Dkt. 109 at 2 of PDF].  Plaintiff has not presented the Court with any legal authority indicating that the ongoing litigation of an arbitration award in state court constitutes a valid reason to grant a Motion for Reconsideration and revisit the issue of whether Plaintiff was an at-will employee and subject to mandatory arbitration.

Finally, this action appears to be vexatious as it seeks either to duplicate the litigation Plaintiff initiated first in state court, relitigte a matter litigated twice in this Court and twice before the Second Circuit Court of Appeals, or it seeks untimely relief on a basis for which relief is patently unavailable.  Accordingly this Motion to Reconsideration is DENIED.

IT IS SO ORDERED

                                                                                                                             /_____
                                                    Hon. Vanessa L. Bryant
                                                    United States District Judge

Dated at Hartford, Connecticut: July 27, 2017